# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FARRELL-COOPER MINING CO.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-012-RAW |
| | ) |
| **THE U.S. DEPARTMENT OF** | ) |
| **THE INTERIOR, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the defendants to dismiss plaintiff's amended complaint. Plaintiff alleges it has been conducting mining and reclamation operations at the Rock Island Mine, located in Leflore County, Oklahoma. Its proposed program had been approved by the Oklahoma Department of Mines ("the state agency"). In 2010, the Office of Surface Mining, Reclamation and Enforcement ("the federal agency") concluded that the state agency had failed to properly require reclamation at the Rock Island Mine in accordance with "approximate original contour," an attempt to make the land more closely resemble its pre-mining appearance.

The state agency objected, but the federal agency ultimately issued to plaintiff a notice of violation. The federal agency issued a "ten day notice" to plaintiff in July, 2012. On August 2, 2013, the federal agency's Regional Director affirmed the decision. Plaintiff alleges it was not provided any opportunity to present evidence on its behalf. A new notice

1

of violation was issued on August 19, 2013, charging plaintiff with a failure to achieve approximate original contour.

On August 28, 2013, plaintiff initiated a proceeding before the United States Department of the Interior, Office of Hearings and Appeals. The Administrative Law Judge who heard the evidence retired before issuing a complete decision. On September 30, 2015, a second Administrative Law Judge ruled against plaintiff, based upon his review of the hearing transcript and exhibits. On October 19, 2015, plaintiff appealed the decision to the Interior Board of Land Appeals ("IBLA") and sought a stay of the effectiveness of the decision. On December 14, 2015, that body denied plaintiff's request for a stay. Plaintiff then brought the present lawsuit, seeking (1) stay of the effectiveness of the underlying agency merits decision pending this court's review and ultimately (2) vacatur of the underlying agency merits decision.

The Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. §§ 1201 et seq., provides for a program of cooperative federalism that allows the States, within limits established by federal minimum standards, to enact and administer their own regulatory programs, structured to meet their own particular needs. *Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior,* 728 F.3d 1229, 1231-1232 (10th Cir.2013)(citation omitted). Once a State has obtained approval of its program, it is said to have achieved "primacy."[1] State laws and regulations implementing SMCRA become operative for the regulation of surface coal

---

[1] Oklahoma is a "primacy" State. *See* 30 C.F.R. §936.10; (#33-3 n.1).

mining, and the State officials administer the program. *Id.*(citation omitted). States have exclusive jurisdiction over the regulation of surface coal mining and reclamation operations within their borders, subject to three statutory exceptions. *Id.*(citations omitted). It appears two of these exceptions are pertinent here. Section 1271(a) deals with individual violations by a specific permittee, while Section 1271(b) applies if the federal agency determines the state agency has failed to enforce its state program effectively.

Defendants move for dismissal pursuant to both Rule 12(b)(1) and Rule 12(b)(6) F.R.Cv.P. The court finds the 12(b)(1) aspect dispositive and will only address that aspect. Plaintiff bears the burden of establishing federal subject matter jurisdiction. *Kinney v. Blue Dot Servs.,* 505 Fed.Appx. 812, 814 (10th Cir.2012). Specifically pertinent here, "because failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that [it] did exhaust." *McBride v. CITGO Petroleum, Corp.,* 281 F3d 1099, 1106 (10th Cir.2002).

As to this court reviewing the merits of the agency decision at this time, plaintiff's contention is that "upon the denial of [plaintiff's] Petition for Stay, the Decision became a final action of the Secretary for purposes of the APA and is subject to review by this court." (#33 at 13, ¶68). The court disagrees. Plaintiff cites 43 C.F.R. §4.21(a)(3), which states in part that "[a] decision . . . will become effective immediately after . . . an Appeals Board denies . . the petition for a stay . . . . " Therefore, plaintiff argues, the denial of its motion to

stay by the IBLA renders the decision final and subject to review at this time.  Plaintiff also cites 43 C.F.R. §4.21(c), which provides that "[n]o decision which at the time of its rendition is subject to appeal . . . shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. §704, unless a petition for a stay of decision has been timely filed and the decision being appealed has been made effective."

This court finds plaintiff "confuses efficacy as finality." *Backcountry Against Dumps v. Abbott,* 491 Fed.Appx. 789, 792 (9th Cir.2012). Section 4.21(a)(3) states that, upon denial of a petition for stay, the agency decision becomes "effective immediately." Here, "effective" means "subject to enforcement," not a final agency decision. Plaintiff's interpretation is not consistent with the traditional definition of finality. "Agency action is final when it marks the consummation of the agency's decisionmaking process and is one by which rights or obligations have been determined, or from which legal consequences will flow." *Farrell-Cooper,* 728 F.3d at 1235 (citations and internal quotation marks omitted). A decision still subject to administrative appeal is not the consummation of the agency's decisionmaking process, by definition.  Cases which might facially appear to the contrary "are inapposite to the present circumstances where the stay denial was procedural, and the parties continued to litigate the administrative appeal vigorously on the merits." *Abbott,* 491 Fed.Appx. at 792. Such is the situation before this court.

As for 43 C.F.R. §4.21(c), as its heading indicates, that subsection "deals with exhaustion, not finality." *Id.* at 791-92. In other words, it appears to require the filing of a

4

petition for stay (if available) as a matter of exhaustion, but the traditional test for finality remains. The court concludes that it lacks subject matter jurisdiction to review the underlying merits of the agency decision, as the administrative appeal is still ongoing.[2]

A subsidiary issue will be addressed. Defendant states "[w]hile this court <u>would</u> have jurisdiction to review the decision of the IBLA that denied a stay of the effectiveness of the Notice of Violation during the appeal process, the plaintiff has not sought review of that decision of the Secretary." (#37 at 14)(emphasis added). Ordinarily, the court would independently examine the issue because "it is axiomatic that litigants may not stipulate to the existence of subject-matter jurisdiction." *Waltman v. Georgia-Pacific, LLC,* 590 Fed.Appx. 799, 807 (10th Cir.2014). The point is moot, however, because plaintiff has declined any such stipulation: "Defendants cite no authority for the proposition that the IBLA's denial of a petition to stay pending appeal is subject to review in this court. . . ." (#38 at 12). Plaintiff makes clear it only seeks review of the ALJ decision on the merits. For the reasons stated, the court finds such review unavailable at this time.

It is the order of the court that the motion of the defendants to dismiss (#37) is hereby granted. This action is dismissed without prejudice for lack of subject matter jurisdiction.

---

[2]The Tenth Circuit recently dismissed similar claims by this same plaintiff for lack of ripeness as the claims "are conditioned on an ongoing administrative proceeding." *Farrell-Cooper,* 728 F.3d at 1238. Plaintiff has cited *Darby v. Cisneros,* 509 U.S. 137 (1993), which involved a court-imposed exhaustion requirement. The Sixth Circuit, faced with a similar argument, said "*Darby* is inapposite to this case because SMCRA unambiguously requires resort to the prescribed administrative review process before seeking judicial review." *Southern Ohio Coal Co. v. Office of Surface Mining,* 20 F.3d 1418, 1425 (6th Cir.1994).

Plaintiff's motion for temporary restraining order, stay, preliminary injunction and hearing (#4) is deemed moot.

     **IT IS SO ORDERED** this 3rd day of MAY, 2016.

**Dated this 3rd day of May, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma