# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARRELL-COOPER MINING CO., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-12-RAW |
| THE U.S. DEPARTMENT OF THE INTERIOR, et al., | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the plaintiff for reconsideration. On May 3, 2016, the order granted defendants' motion to dismiss and dismissed this action for lack of subject matter jurisdiction.

On September 30, 2015, an Administrative Law Judge ("ALJ") with the Office of Hearings and Appeals for the United States Department of the Interior issued a ruling upholding a Notice of Violation issued to plaintiff by the federal Office of Surface Mining, Reclamation and Enforcement. (#33-1). On October 19, 2015, plaintiff appealed the decision to the Interior Board of Land Appeals ("IBLA") and sought a stay of the effectiveness of the decision. (#33-2). On December 14, 2015, that body denied plaintiff's request for a stay. (#33-3). Plaintiff commenced this action on January 13, 2016, seeking (1) stay of the effectiveness of the underlying agency merits decision pending this court's review and ultimately (2) vacatur of the underlying agency merits decision.

This court ruled that the action must be dismissed because plaintiff had not exhausted

administrative remedies under the Surface Mining Control and Reclamation Act ("SMCRA"). In the present motion, plaintiff again cites 43 C.F.R. §4.21(a)(3), read in combination with 43 C.F.R. §4.21(c), as rendering a case in this posture subject to judicial review. Plaintiff asserts "[t]he other courts to address this issue are uniform" in this interpretation. (#44 at page 5 of 12, in CM/ECF pagination). Actually, in the decision this court cited, *Backcountry Against Dumps v. Abbott,* 491 Fed.Appx. 789, 792 (9th Cir.2012), the Ninth Circuit stated: "However, that stay denial did not transform the [Record of Decision] into final agency action. Because there was no final agency action on the administrative appeal, the district court lacked jurisdiction to review it."

The impetus of plaintiff's request for relief is (1) the agency denied its motion to stay and (2) defendants are currently enforcing the ALJ decision against plaintiff and demanding compliance with the NOV's abatement directives. This appears to be a legitimate grievance. It is concerning that, in addition to denying a stay of enforcement of the ALJ decision pending administrative appeal, the IBLA has abated the appeal itself. The notion of requiring exhaustion of administrative remedies contemplates that the agency will act expeditiously on such appeals. Denying a stay of the underlying decision pending appeal exacerbates the situation.

In the order abating the appeal (#37-2), the IBLA found that the administrative appeal and the present lawsuit "share similar factual and legal issues." That finding is true only if this court reached the merits, which it did not. This court ruled on the preliminary issue of subject matter jurisdiction, and thus there is no factual or legal overlap with the

2

administrative appeal. Also, the IBLA concluded that it "suspends consideration of the appeal pending the issuance of a final, non-appealable decision in the aforementioned lawsuit. . . ." This court cannot issue a "final, non-appealable decision," as its rulings are subject to appeal to the United States Court of Appeals for the Tenth Circuit. If the IBLA is suggesting the administrative appeal is abated pending a Tenth Circuit ruling, while the IBLA declines to stay the effect of the ALJ decision pending the administrative appeal, this is manifestly unfair to plaintiff, in the court's view.[1]

As to the present motion, plaintiff argues that the ALJ decision is now "final agency action," but that a subsequent IBLA decision "could potentially supersede or rob the ALJ decision of its finality" (#44 at page 8 of 12), yet this court should nevertheless proceed to the merits. Plaintiff concedes that "it may seem counterintuitive that [plaintiff] has the right to appeal the ALJ Decision to this Court upon the denial of its petition for stay without first having to prosecute its appeal to the IBLA. . . . " (*Id.* at page 9 of 12). In the court's view, it is more than counterintuitive. It is contrary to the policy that "[h]aving two government bodies simultaneously review an agency decision wastes scarce governmental resources." *Acura of Bellevue v. Reich,* 90 F.3d 1403, 1408-09 (9th Cir.1996). "Further, simultaneous review poses the possibility that an agency authority and a court would issue conflicting rulings." *Id.* at 1409. Also, "[a]llowing judicial review in the middle of the agency review

---

[1] Defendants state "now that this Court has dismissed the complaint, [plaintiff] presumably will resume active litigation before the IBLA." (#45 at page 5 of 7, in CM/ECF pagination). The basis for that presumption is not stated. Continuation of the appeal is not up to plaintiff, but the IBLA.

3

process unjustifiably interferes with the agency's right to consider and possibly change its position during its administrative proceedings." *Id.* Of course, "[a]n appeal to a higher agency authority may also obviate the need for judicial review." *Id.*[2]

The "Solomonic" path would be for the court to consider a stay of the enforcement of the ALJ decision against plaintiff pending the outcome of the IBLA appeal. It is unclear, however, if the court has jurisdiction to do even that.[3] In *Southern Ohio Coal Co. v. Office of Surface Mining,* 20 F.3d 1418 (6th Cir.1994), the court found lack of jurisdiction based upon failure to exhaust administrative remedies under SMCRA, and stated "[w]e further hold that the court did not otherwise have jurisdiction to enjoin enforcement of the OSM cessation order." *Id.* at 1425. The court is not unsympathetic to the position in which plaintiff finds itself, but remains persuaded its previous ruling should stand.

---

[2]The Tenth Circuit notes that exhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency. *Gilmore v. Weatherford,* 694 F.3d 1160, 1167 (10th Cir.2012). Exhaustion concerns apply with particular force when the agency proceedings in question allow the agency to apply its special expertise. *Id.* A review of land reclamation after mining operations appears to fall within the "special expertise" category.

[3]Plaintiff did seek a stay of the ALJ decision in the form of a motion for TRO and preliminary injunction (#4), but that was as a prelude to reviewing the agency decision on the merits. The court is persuaded it lacks jurisdiction to reach the merits. In their motion to dismiss (#37), defendants said that jurisdiction nevertheless existed to review the agency's denial of the motion to stay, while plaintiff disagreed. (*See* #41 at page 5 of 6).

4

It is the order of the court that the motion of plaintiff for reconsideration (#44) is hereby denied. Plaintiff's motion for hearing (#46) is also denied.

**IT IS SO ORDERED** this 13th day of JUNE, 2016.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma