# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FARRELL-COOPER MINING CO.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-12-RAW |
| | ) |
| **THE U.S. DEPARTMENT OF** | ) |
| **THE INTERIOR, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the plaintiff for injunction pending appeal.

On September 30, 2015, an Administrative Law Judge ("ALJ") with the Office of Hearings and Appeals for the United States Department of the Interior issued a ruling upholding a Notice of Violation ("NOV") issued to plaintiff by the federal Office of Surface Mining, Reclamation and Enforcement ("OSM"). (#33-1). On October 19, 2015, plaintiff appealed the decision to the Interior Board of Land Appeals ("IBLA") and sought a stay of the effectiveness of the decision. (#33-2). On December 14, 2015, that body denied plaintiff's request for a stay. (#33-3), leaving the NOV enforceable. Plaintiff commenced this action on January 13, 2016, seeking (1) stay of the effectiveness of the underlying agency merits decision pending this court's review and ultimately (2) vacatur of the underlying agency merits decision. On February 26, 2016, the IBLA (on motion of the OSM) abated the administrative appeal (#37-2).

On May 3, 2016, this court ruled that the action must be dismissed because plaintiff had not exhausted administrative remedies under the Surface Mining Control and Reclamation Act ("SMCRA"). The court denied plaintiff's motion for reconsideration on June 13, 2016. Plaintiff filed its notice of appeal on July 8, 2016. In the present motion, plaintiff seeks to enjoin the defendants from enforcing the NOV against plaintiff pending the Tenth Circuit's review of the jurisdictional issue. Plaintiff invokes Rule 62(c) F.R.Cv.P. and Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure.

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right , even if irreparable injury might otherwise result to the appellant." *Nken v. Holder,* 556 U.S. 418, 427 (2009). When considering a request for a stay or an injunction pending appeal, a court should consider the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest. *Homans v. City of Albuquerque,* 264 F.3d 1240, 1243 (10th Cir.2001). Where the moving party has established that the three "harm" factors tip decidedly in its favor, the "probability of success" requirement is somewhat relaxed, and is satisfied by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *F.T.C. v. Mainstream Marketing Serv., Inc.,* 345

F.3d 850, 852-53 (10th Cir.2003).[1] The court will address the "harm" factors first.

To constitute irreparable harm, "an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir.2003). To satisfy the irreparable harm requirement, a movant must demonstrate a significant risk that it will experience harm that cannot be compensated after the fact by monetary damages. *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1210 (10th Cir.2009). The court finds this case falls into an exception to that principle. The affidavit of William H. Cole, Jr., accompanying the present motion (#50-1), states that plaintiff has already expended approximately $73,800 in engineering, surveying, and permitting costs. (¶16). As plaintiff notes, "[i]mposition of monetary damages that cannot later be recovered for reasons such as sovereign immunity constitutes irreparable injury." *Chamber of Commerce of the U.S. v. Edmondson,* 594 F.3d 742, 770-71 (10th Cir.2010). The court finds the element of irreparable harm has been satisfied.[2]

---

[1] There is an open question whether this "relaxation" of the first factor is still appropriate under Supreme Court authority. *See Planned Parenthood Assoc. Of Utah v. Herbert,* 2016 WL 3742008, **18-19 (10th Cir.2016) (Bacharach, J., concurring in part and dissenting in part). This court follows Tenth Circuit precedent as it presently exists.

There is an inherent tension in the Rule 62(c) context, not existing in a request to the appellate court pursuant to Rule 62(g), because the district court has already ruled against the movant. In other words, "[t]his would put the [movant] to the insurmountable burden of demonstrating to the Court that it is 'likely' that the Court's decision would be reversed if subject to appeal." *Shapiro v. U.S. Dept. of Justice,* 2016 WL 3023980, *8 (D.D.C.2016). *See also Dine Citizens Against Ruining Our Environment v. Jewell,* 2015 WL 6393843, *1 (D.N.M.2015)(citing cases).

[2] "Other courts have noted that because of potential irreparable harm to the party seeking the stay, a stay is warranted even though it does not appear that there is a strong likelihood that the party will succeed on the merits." 11 Wright, Miller & Kane, *Federal Practice and Procedure* §2904 at

3

The court also finds that the threatened injury to the plaintiff, if the injunction is not issued, outweighs the harm that issuance of the injunction may cause the defendants or the other parties interested in the proceeding.[3] Against the harm to plaintiff (already found irreparable by the court) defendants argue they will be harmed because "[a]n injunction will sanction Plaintiff's tactic of using the federal courts to circumvent the administrative process while forcing Defendants to defend these claims on multiple fronts, spending unnecessary agency time and resources in the process." (#56 at page 9 of 12). The court rejects this argument. Plaintiff sought judicial review of an administrative order it contended was a final order. Such lawsuits are filed on a regular basis, as the decisions cited in the briefs and orders in the case at bar demonstrate.

The court additionally finds that an injunction pending appeal will not harm the public interest. Defendants argue that some surrounding landowners will suffer "monetary and aesthetic harm" (*Id.*) but are not more specific. Plaintiff contends there is a public interest in ensuring that due process is afforded. Defendants assert: "Farrell-Cooper has been and

---

680-83 (2012).

Defendants argue that irreparable harm has not been shown because "in the three years since receiving the NOV, Farrell-Cooper has not moved a single cubic yard of dirt to correct the environmental violation it created." (#56 at page 2 of 12). In this case, the court has found the monetary damages are sufficient for a showing of irreparable harm. Moreover, absent an injunction, nothing is to prevent an acceleration of enforcement of the NOV, requiring extensive land reclamation on plaintiff's part. The same may be said regarding plaintiff's argument that failure to immediately begin compliance with the NOV could cause plaintiff to be barred from receiving new mining permits or from obtaining any major revisions to existing permits under the "permit-blocking provisions" available to defendants, such as 30 U.S.C. §1260(c).

[3]The third and fourth factors merge when the Government is the opposing party. *Nken,* 556 U.S. at 435.

is being afforded due process through the administrative review process, which Farrell-Cooper decided to abandon without obtaining a final decision." (*Id.*) Seeking review in a federal district court is not abandoning the administrative process; it is in effect making an argument in the alternative. Also, the administrative appeal was abated at the urging of the defendants, rendering their argument that plaintiff's alleged harm is "wholly self-inflicted" (*Id.* at page 8 of 12) unpersuasive.

This court previously stated: "The impetus of plaintiff's request for relief is (1) the agency denied its motion to stay and (2) defendants are currently enforcing the ALJ decision against plaintiff and demanding compliance with the NOV's abatement directives. This appears to be a legitimate grievance. It is concerning that, in addition to denying a stay of enforcement of the ALJ decision pending administrative appeal, the IBLA has abated the appeal itself. The notion of requiring exhaustion of administrative remedies contemplates that the agency will act expeditiously on such appeals. Denying a stay of the underlying decision pending appeal exacerbates the situation." (#48 at page 2 of 5). The factual situation has not altered since that time.[4] Under these circumstances, the court finds the three "harm" factors tip decidedly in plaintiff's favor. Therefore, the court considers the

---

[4]The court may have been overly optimistic in its view of IBLA appeals, even in the absence of abatement. In its reply, plaintiff notes two other appeals arising from the Rock Island Mine which have been "pending for 657 days and 554 days, respectively, and counting." (#58 at page 5 of 11).

"likelihood of success" factor under the "somewhat relaxed" standard described above.[5]

The court finds this factor satisfied as well. Plaintiff's argument in this litigation is that 43 C.F.R. §4.21(a)(3), read in connection with 43 C.F.R. §4.21(c), renders the ALJ decision upholding the NOV subject to immediate judicial review. This court rejected the argument, but it appears to be an issue of first impression in the Tenth Circuit. Most of the decisions cited by plaintiff (and the decision cited by this court) were from the Ninth Circuit. There is language from the decisions supporting the plaintiff's view and this court's view. Under the circumstances, the court finds the question presented is sufficiently serious, substantial, difficult and doubtful to justify the entry of an injunction pending appeal.

Defendants also correctly note it is "unclear whether this Court has jurisdiction to issue any injunctive relief in light of the previous ruling that the Court lacks subject matter jurisdiction." (#56 at page 6 of 12 n.3). After noting this same point, the court in *Peak*

---

[5]The Tenth Circuit holds that where a preliminary injunction seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the less rigorous fair-ground-for-litigation standard should not be applied. *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir.2003). It is not clear, however, if this broad language applies under the present facts. If it does, it could encourage an agency to insulate its administrative decisions from review while executing on those decisions.

Should the Tenth Circuit deem it necessary, this court does make an alternative finding that plaintiff has demonstrated a substantial likelihood of success on the merits of its appeal. The district court in *Peak Medical Okla. No. 5, Inc. v. Sebelius,* 2010 WL 4809319, *2 (N.D.Okla.2010), when (as here) the appeal dealt with an issue of first impression before the Tenth Circuit and there was conflicting case law.

This alternative finding is not necessarily contradictory to the court's order of dismissal, because the court did not previously reach the issue of injunctive relief. The dismissal was based on failure to exhaust administrative remedies, while plaintiff contended it sought judicial review of a final order. Defendants conceded the court could treat the lawsuit as an appeal from the IBLA's denial of stay. Had the court done so, the result might well have been the same as in the present order.

*Medical Okla. No. 5, Inc. v. Sebelius,* 2010 WL 4809319 & n.2 (N.D.Okla.2010), nevertheless granted such an injunction. This court will also do so under the unusual facts of this case. This court found it lacked subject-matter jurisdiction because plaintiff had failed to exhaust administrative remedies. At present, it is impossible for plaintiff to exhaust remedies because the IBLA has abated the appeal and appears to intend the abatement remain in place pending a Tenth Circuit ruling in this case.[6] Meanwhile, enforcement of the NOV is not abated and plaintiff's request for stay at the administrative level has been denied. Under these facts, he court is persuaded that the relief sought should be granted as a matter of equity.[7]

In the alternative, defendant requests that plaintiff be required to post a reclamation bond in the amount of $3.5 million. The court declines to do so, agreeing with plaintiff and its citation of *Winnebago Tribe of Neb. v. Stovall,* 341 F.3d 1202, 1206 (10th Cir.2003)(affirming grant of injunction without bond requirement where there was no proof

---

[6]To satisfy the "futility exception" to the exhaustion doctrine, a plaintiff must establish that it is certain that its claim will be denied on appeal. *See Lane v. Sunoco, Inc. (R & M),* 260 Fed.Appx. 64, 66 (10th Cir.2008). While this exception does not apply here (nor was it raised in the original briefing), the court finds the excessive delay merits consideration for the limited relief of an injunction pending appeal.

[7]Generally, the purpose of a stay is to preserve the status quo pending appellate determination. *McClendon v. City of Albuquerque,* 79 F.3d 1014, 1020 (10th Cir.1996). "Status quo" refers to "the last peaceable uncontested status existing between the parties before the dispute developed." *Beltronics USA, Inc. V. Midwest Inventory Distrib., LLC,* 562 F.3d 1067, 1071 (10th Cir.2009). In one sense, enjoining enforcement of the NOV disturbs the status quo, but in another sense it preserves it. "Enforcement" is not a static term, and absent a stay, plaintiff may be subjected to much greater harm before exhaustion of remedies or its Tenth Circuit appeal may be concluded.

of likelihood of harm to the other party.)

It is the order of the court that the motion of plaintiff for injunction pending appeal (#50) is hereby granted. Defendants' are enjoined from enforcing Notice of Violation #N13-30-370-001 issued on August 19, 2013 to plaintiff, pending a decision from the United States Court of Appeals for the Tenth Circuit regarding the pending appeal. Plaintiff's motion for hearing (#51) is denied as moot.

**IT IS SO ORDERED** this 1st day of AUGUST, 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma